**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JULIAN R. ZAPETA GARCIA,

Petitioner,

v.

CENTRAL VALLEY ANNEX,

Respondent.

Case No. 1:26-cv-07876-JLT-EGC

A-Number: 087-935-168

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Julian R. Zapeta Garcia is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States without inspection at an unknown time and place, was not apprehended at or near the border and was never placed in expedited removal. (Doc. 6 at 13.) On May 10, 2012, Petitioner was convicted for Burglary – Forced Entry-Residence and sentenced to 150 days' in jail (*Id.* at 15.) Petitioner was arrested by Houston Police Department officers on January 8, 2026 for Driving while Intoxicated and was convicted on August 3, 2026. (*Id.* at 26-27.) On August 31, 2026, ICE officers located

Petitioner at the Montgomery Processing Center in Texas and detained him pursuant to an administrative warrant. (*Id*. at 11.) That same day, Petitioner was served with a Notice to Appear charging him with 8 USC § 1182(a)(6)(A)(i) and 8 USC 1182(a)(7)(A)(i)(I). (*Id*. at 6-8.) On September 25, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting, *inter alia*, that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondent concede that the detention authority in this case is 8 U.S.C. § 1226, yet contend this petition for a writ of habeas corpus should be denied because Petitioner can "motion the immigration court for bond hearing" pursuant to 8 C.F.R. § 1003.19. (Doc. 6 at 3.) To the extent this suggests the argument that Petitioner should be required to exhaust remedies by requesting a bond hearing, this habeas petition is construed as a request for a bond hearing. Given there is no record of prior consideration of danger to the community or a flight risk, the Court finds it appropriate to order an initial bond hearing. *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, Petitioner is entitled to a bond hearing under § 1226(a) at which he "will be released on bond if he demonstrates by a preponderance of the evidence that he is not a fight risk or a danger to the community." *Rodriguez Vazquez v. Bostock*,

183 F.4th 1160, 1167 (9th Cir. 2026). Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

3. **At least 72 hours before** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**

5. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: Nov. 21, 2026

Jennifer L. Thurston

JENNIFER L. THURSTON
U. S. District Judge